UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANNA C. THOMAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EVERETT ASSOCIATION OF CREDIT MEN, INC., *et al.*, <br><br> Defendants. | Case No. C17-599 RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DISMISSAL |

This matter comes before the Court on Defendants Everett Association of Credit Men, Inc. and Monica Jones's Motion for Sanctions. Dkt. #22. Defendants set forth evidence that Plaintiff Deanna C. Thomas has failed to respond to discovery requests, failed to serve initial disclosures, failed to respond to Defendants' Motions, and generally failed to prosecute her case. *Id.*; *see also* Dkt. #16. Defendants argue that Ms. Thomas' conduct warrants the extreme sanction of dismissal of the action pursuant to Rule 37(d)(3). Dkt. #22 at 5. Defendants also request attorney fees and costs under Rule 37(d)(3). Ms. Thomas failed to file a timely response.

On March 7, 2018, Plaintiff filed a "Response to Defendants' Motion re Discovery & Schedule by Request to Extend Time" signed as briefing and as a declaration by Plaintiff's

ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DISMISSAL - 1

counsel, Richard L. Pope, Jr. Dkt. #24. In that filing, Mr. Pope details a family health crisis that prevented him from filing a timely response. *Id*. Specifically, Mr. Pope says that his daughter had "an urgent and serious health care crisis on the afternoon of Monday, March 5, 2018," the day that Plaintiffs' response to the instant Motion was due. *Id*. at 1. Mr. Pope indicates that his daughter's health condition has "reached fairly constant crisis levels in the last two months," with several trips to the hospital. *Id*. at 2. He also indicates that he "was in a high speed collision on I-405 on February 15, 2018, which totaled his vehicle and left him with significant and persisting pain from his injuries." *Id*. Mr. Pope requests an extension of two weeks to respond to Defendants' motion. *Id*. Mr. Pope addresses the merits of Defendants' discovery requests, calling them "clearly excessive," but does not deny that his client has failed to respond to discovery requests, failed to serve initial disclosures, or failed to respond to Defendants' Motions.

> Rule 37(d)(3) governs failures to serve answers to discovery requests and states:
>
>> "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Rule 37(b)(2)(A)(v) permits the sanction of dismissal of the action. Each party opposing a motion has an obligation to file a response brief. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.* "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." LCR 7(j). "Parties should not

ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DISMISSAL - 2

assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id*. "If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court." *Id*.

The Court will first address Mr. Pope's untimely Response and declaration. The Court is sympathetic to Mr. Pope's predicament and the health of his daughter. However, the Court is concerned by several details. First, it appears that Mr. Pope had not prepared a substantive response to the instant Motion as of the afternoon of the day the response was due. If the response had been prepared earlier, Mr. Pope would simply have attached it to his untimely Response. Defendant's Motion is not incidental, it is a motion requesting dismissal as a sanction. Second, the facts as presented by Mr. Pope—including the "constant crisis" of his daughter's health—lead the Court to believe that he should have considered withdrawing from this case, or reached out to opposing counsel for an extension of deadlines prior to the instant moment. Finally, when Mr. Pope did have "a true, unforeseen emergency" on Monday, March 5, 2018, he should have contacted the adverse party and attempted to file a stipulation as suggested by Local Rule 7(j). There is no evidence that this occurred. Instead, Mr. Pope's response is consistent with Defendants' characterization of Plaintiff's prior conduct in this case.

Despite all of that, even if the Court considered Plaintiff's untimely Response, or permitted Plaintiff additional time to draft a Response, Plaintiff has not denied Defendants' claims, instead attacking the merit of the discovery requests. The Court finds that dismissal of this case without prejudice is the proper sanction given Plaintiff's failure to prosecute her case and failure to participate in discovery. Fees and costs are warranted under Rule 37(d)(3).

ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DISMISSAL - 3

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Defendants' Motion for Sanctions (Dkt. #22) is GRANTED.

2) The pending Motion to Extend Pretrial Deadlines (Dkt. #19) is STRICKEN as moot.

3) This case is dismissed without prejudice.

4) Defendants may file a separate motion for reasonable fees and costs caused by Plaintiff's failures to act as detailed in the instant Motion no later than **seven (7) days from the date of this Order,** and shall note such Motion under Local Rule 7(d). Such motion shall be supported by evidence supporting both the attorney's hourly rate and hours expended.

DATED this 9th day of March, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND DISMISSAL - 4