UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANNA C. THOMAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EVERETT ASSOCIATION OF CREDIT MEN, INC., *et al.*, <br><br> Defendants. | Case No. C17-599RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Defendants Everett Association of Credit Men, Inc. and Monica Jones's Motion for Attorney Fees. Dkt. #27. This Motion is filed pursuant to the Court's Order granting Defendants' Motion for Sanctions, Dkt. #25, where the Court permitted Defendants to file a separate motion for reasonable fees and costs caused by Plaintiff's failures to act as detailed in the Motion for Sanctions. Defendants move for attorney fees and costs in the sum of $2,646.00. Dkt. #27. This is based on an hourly rate of $225 for Defendants' attorney Jeffrey Hasson and $90 for a legal assistant. *Id.* at 5. Defendants summarize the work performed thusly: "[f]or the time spent on managing the case to obtain discovery from Plaintiff after the discovery requests were served, preparing the motion to file the motion for sanctions, preparing the motion for sanctions, preparing the reply for the motion

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES - 1

for sanctions, preparing the motion to extend the deadlines that was made necessary by Plaintiff's failure to act, and preparing the motion for attorney fees, Everett Parties' attorney's office has spent 12.0 hours as broken down in the attached declaration." *Id*.

In Response, Plaintiff Deanna C. Thomas challenges time billed for: 1) legal assistant work, 2) communications and other actions to confer or attempt to confer prior to Defendants filing their Motion for Sanctions, 3) drafting a Motion for Relief from Case Schedule Deadlines and Motion to Expedite Motion, 4) attempts to settle the case, 5) communication with clients, 6) drafting a Reply to the Motion for Sanctions when no response was filed, and 7) drafting the instant Motion for Attorney Fees. Dkt. #29.

On Reply, Defendants argue that "reasonable attorney fees incurred prior to the filing of a motion to compel to resolve discovery disputes are recoverable under [Rule 37]." Dkt. #30 at 1 (citing *Enterasys Networks, Inc. v. DNPG, LLC*, 2006 US Dist. LEXIS 42225 *6, Case No. 04-CV-209-PB (D.N.H. June 12, 2006)). Defendants contend that fees for paralegal work is compensable. *Id.* at 2 (citing *Missouri v. Jenkins* 491 US 274, 285, 109 S. Ct. 2463, 105 L.Ed.2d 229 (1989)). Defendants agree that the Motion to Expedite should not be compensable and request that $112.50 be deducted from the original amount requested. *Id.* Defendants argue that time spent drafting the Motion for Attorney Fees are compensable and ask for an additional $562.50 for researching and drafting the Reply brief. *Id*. at 3–4.

Rule 37(d)(3) governs the fees awardable in this case:

> Sanctions may include any of the orders listed in Rule 37(b)(2) (A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES - 2

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court "should exclude any hours 'that are excessive, redundant, or otherwise

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES - 3

unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rate. The Court finds that the hourly rates of $225 and $90 are reasonable, based on the experience, skill, and education of Defendants' attorney and comparable rates for similar attorney work. *See* Dkt. #28. The Court agrees with Defendants that legal assistant time may be awarded under the circumstances of this case, and Plaintiff cites to no legal authority to challenge this request.

The Court next turns to the hours requested. The Court has reviewed the submitted declaration and finds the time generally reasonable and appropriate under the above law. Rule 37(d)(3) and this Court's prior Order permit reasonable expenses, including attorney's fees, "caused by the failure." The Court agrees with Defendants that time spent prior to filing the Motion for Sanctions in this case may be recovered if it was time spent due to Plaintiff's failure to comply with discovery obligations. However, the Court agrees with Plaintiff that time spent soliciting settlement is not compensable, and will reduce the award by $45. The Court further agrees with Plaintiff that Defendants have not met their burden to show that time spent communicating with clients is recoverable, and will reduce the award by a further $135. Time spent drafting the Reply in support of Defendants' Motion for Sanctions was unnecessary and therefore another $225 will be excluded. *See McCown, supra*. The Court agrees with Defendants that time spent on the instant Motion and Reply was caused by Plaintiff's failure and was generally reasonable and appropriate.

Defendants originally requested attorney fees and costs in the sum of $2,646.00. After subtracting $112.50, $45, $135, and $225, and adding $562.50, the Court calculates the fee award as $2,691.

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES - 4

1    Having reviewed the relevant briefing and the remainder of the record, the Court hereby
2 finds and ORDERS that Defendants' Motion for Attorney Fees, Dkt. #27, is GRANTED IN
3 PART as stated above. Plaintiff shall pay Defendants $2,691 in attorney fees.

DATED this 20th day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE