1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEANNA C. THOMAS, *et al.*,

        Plaintiffs,

        v.

EVERETT ASSOCIATION OF CREDIT
MEN, INC., *et al.*,

        Defendants.

Case No. C17-599RSM

ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND
JUDGMENT

      This matter comes before the Court on Plaintiff Deanna C. Thomas' Motion to Alter or Amend Judgment. Dkt. #32.

      On March 9, 2018, this matter was dismissed without prejudice based on Plaintiff's complete failure to engage in the discovery process or respond to Defendants' Motion seeking dismissal. Dkt. #25. Plaintiff has since re-filed the same or nearly identical complaint in a new action with the same counsel. *See* Case No. 2:18-cv-00615-RSM. If the Court were to grant Plaintiff's requested relief, she would have two parallel actions in the same court pursuing the same claims. Plaintiff does not address this obvious problem by, *e.g.*, offering to withdraw the other action should relief be granted here. Instead, Plaintiff states that Defendants "make a big

deal" out of Plaintiff pursuing two identical cases at once, as if "this is somehow a bad thing," and asks, rhetorically or not, "what are Defendants trying to say here?" Dkt. #36 at 3.

The Court has reviewed Plaintiff's substantive arguments for granting the requested relief. A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law. *Id.* Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Plaintiff has not met the Rule 59(e) standard. Plaintiff does not offer newly discovered evidence or argue that there has been an intervening change in controlling law. Instead, Plaintiff argues that the Court's sanction of dismissing the case was too extreme given the facts as previously presented to the Court. Plaintiff has failed to show any legal error in the Court's Order. Dismissal was an available sanction, and Defendants presented valid arguments for that sanction. Plaintiff failed to respond to those arguments. While manifest injustice is a valid ground to alter or amend a judgment, Plaintiff has not shown that the Court's Order resulted in any injustice to *Plaintiff*, who has already refiled her case. Instead, Plaintiff's counsel spends most of the briefing discussing his scheduling issues related to a family health problem. As

sympathetic as the Court is to this or any counsel's family health emergencies, the Court has already addressed how counsel failed to properly follow the Court's procedures or withdraw in this case, and the sanction of dismissal without prejudice has not resulted in any injustice to his client.[1]  Plaintiff does not address the conservation of judicial resources, which weighs strongly in denying this Motion.

Given all of the above, and having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Alter or Amend Judgment, Dkt. #32, is DENIED.  No further attorney fees will be assessed based on Plaintiff's Motion.

DATED this 8 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant argues "Plaintiff's argument fails to show any evidence of how this Court's ruling affects Plaintiff in any way," that "[t]he argument centers on the unfairness to Plaintiff's attorney," and that "[t]his appears to be a malpractice repair argument."  Dkt. #35 at 6.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT - 3